9402

ALDRICH v. ATLANTIC COAST LINE R. CO.

(*89 S. E. 315.*)

CARRIERS—INTERSTATE COMMERCE ACT—FOREIGN COUNTRY—STATUTE.—
The Carmack amendment (Act June 29, 1906, c. 3591, sec. 7, pars.
11, 12, 34 Stat. 595 [U. S. Comp. St. 1913, sec. 8592]) to the Inter-
state Commerce Act (Act Feb. 4, 1887, c. 104, sec. 20, 24 Stat. 386),
providing that any common carrier receiving property for transpor-
tation from a point in one State to a point in another State shall
issue a receipt or bill of lading therefor, and shall be liable to the
holder for any loss or damage caused by it or by any connecting
carrier, does not make a domestic carrier liable for loss occasioned
by the negligence of a foreign carrier or for transportation to for-
eign countries, but only as to commerce between the States and ter-
ritories within the United States.

Before SHIPP, J., Barnwell, August, 1915. Affirmed.

Action by Alfred Aldrich against Atlantic Coast Line
Railroad Company. From judgment for defendant, plain-
tiff appeals.

*Messrs. R. C. Holman* and *W. H. Townsend,* for appel-
lant.

*Messrs. Lucien W. McLemore* and *Harley & Best,* for
respondent. *Mr. McLemore* cites: 134 S. W. 275; 147 N.
Y. Suppl. 794; 159 Wis. 429; 150 N. W. 484; 212 Fed. 324;
227 U. S. 111; 219 U. S. 498; 225 U. S. 101; 29 S. C. 510;
81 S. C. 162 and 169; 92 S. C. 43.

June 27, 1916.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This was an action by plaintiff against the defendant for
the recovery of $1,800 damages, alleged to have been sus-
tained by plaintiff for injuries to a carload of cotton seed
shipped over the line of the defendant railroad and its con-
necting carriers, from Alfred Aldrich, the owner, at Barn-

well, S. C., to J. M. Ulmer, agent of the owners, as consignee, at Gomez Palacio, Mexico. The goods were shipped by the respondent as initial carrier on a through bill of lading, standard form, from Barnwell, S. C., to Gomez Palacio, Mexico, routed via Georgia Railroad to Atlanta, Georgia, in care of Nashville, Chattanooga and St. Louis Railroad. The shipment was safely carried by defendant over its own lines, and delivered to the N. C. and St. L. R. R. Co. at Atlanta to be forwarded under said bill of lading, not liable for damages occurring in consequence of the negligence of the N. C. and St. L. R. R. Co. at a point on its line in Georgia or Tennessee. The bill of lading contained the stipulation: "No carrier shall be liable for loss, damage or injury not occurring on its own road or its portion of the through route, nor after said property had been delivered to the next carrier, except such liability is or may be imposed by law."

The case was heard before Judge Shipp and a jury at the Barnwell Court in August, 1915, and when all the evidence in the case was in, upon motion of defendant, his Honor directed a verdict in favor of the defendant, holding that, "the provision found in section 20 of the act of Congress, known as the act to regulate commerce, such provision being commonly called the Carmack amendment, does not apply to the present case involving a shipment from Barnwell, South Carolina, to Gomez Palacio, in the United States of Mexico, because the language employed specifically refers to a shipment from a point in one State to a point in another State and excludes a shipment from a point in one of the States in the Union to a point in any foreign country." He also held: "The evidence shows that the bill of lading, constituting the contract between the parties, restricts the liability of defendant to loss occurring on its own line, and it conclusively appears from the evidence that the loss here occurred while the shipment was in the possession of the Nashville, Chattanooga and St. Louis Railway Company.

So, that in my opinion, and I so hold, the evidence is such as to preclude a verdict against the defendant for any amount."

From this plaintiff appeals, and by his exceptions question the correctness of his Honor's ruling.

The exceptions must be overruled.

Congress did not, by its act in question, extend the rule to make the domestic carrier liable for loss occasioned by the negligence of a foreign carrier, and for transportation to foreign countries of commerce, but only for goods received "for transportation from a point in one State to a point in another State"—meaning States and territories within the United States. No other interpretation can be put on the act of Congress itself or drawn from the cases of *Burke* v. *Gulf, C. and F. Ry. Co.* (Mun. Ct. N. Y.), 147 N. Y. Supp. 794; *Houston, E. and W. T. Ry. Co.* v. *Inmann et al.* (Tex. Cir. App.), 134 S. W. 275; *Best* v. *Great Northern Ry. Co.,* 159 Wis. 429, 150 N. W. 484; *U. S.* v. *Grand Trunk Ry. Co. of Canada,* 225 Fed. 283, 285, and *Texas and P. R. P. Co.* v. *I. C. C.,* 162 U. S. 197, 16 Sup. Ct. 666, 40 L. Ed. 940.

Judgment affirmed.